NO. 07-00-0505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2001

______________________________

JACKIE DALE MASON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 40,764-C; HON. WELDON KIRK, PRESIDING

_______________________________

Before BOYD, C.J., QUINN, and JOHNSON, JJ.

Jackie Dale Mason (appellant) appeals his conviction for felony driving while intoxicated (DWI).  On January 16, 2001, appellant’s court appointed attorney filed a brief pursuant to 
Anders v. California, 
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein certifying that she had reviewed the entire record and had found no reversible error.  Upon reviewing the record, we noted that the voir dire portion of the record was missing causing us to abate the matter to the trial court for the purpose of having the missing portion of the record transcribed and filed as part of the appellate record.  Subsequently, the missing portion was filed and appellate counsel has now filed an amended brief wherein she represents that the record does not support reversible error.  Furthermore, counsel has filed an amended motion to withdraw.  

Appellant was informed, by his counsel and this court in writing, of his right to review the record and file a 
pro se
 brief.  The deadline by which he had to submit the 
pro se
 brief was June 1, 2001.  To date, we have not received such a brief.  

With regard to the 
Ander
s brief, appellant’s counsel stated that she diligently reviewed the record and that, in her opinion, it reflected no reversible error.  However, she did assert one arguable ground of error.  It concerned the factual sufficiency of the evidence to support conviction.  Specifically, there was controverting testimony regarding whether appellant was driving the vehicle at the time of the offense.   However, counsel explains that under the applicable standard regarding factual sufficiency the verdict was not manifestly unjust. 

 We have conducted our own independent review of the record to assess the accuracy of counsel’s representation.  
See Stafford v. State
, 813 S.W. 2d 503 (Tex.Crim.App.1991) (requiring same).  Upon doing so, we conclude that counsel is correct and that no reversible error appears of record.  Accordingly, the motion to withdraw is granted and the judgment is affirmed.

                                                      Brian Quinn 

                                                                 Justice 

 

Do not publish.